This case is before us on defendant’s motion for summary judgment. Since we determine that there are material fact issues requiring trial, the motion must be denied.
The individual plaintiff is the owner of 226 acres in Franklin Parish, Louisiana, called Little Hog Glade, and the company plaintiff owns the timber situated thereon. The suit is to recover for taking of a flowage easement. The Glade is situated on the north side of the Tensas River where it broadens to a lake, so called, at a point where it flows roughly east to west. The Glade was itself a former stream bed, and was before 1972 intermittently flooded from December to June, and dry the rest of the year. It grew trees harvested at intervals of time by the company and was the resort of cattle and hogs for grazing in the dry season only. Defendant in 1972 completed a lock and dam at Jonesville, downstream, and since then flooding has been more extensive, and throughout the year, causing the trees to die and making the land unavailable for cattle.
*836 Defendant’s motion is supported by official maps, records, and affidavits of officials, and also one by a botany expert. Its syllogism is composed of the following elements: (1) the Tensas River is navigable, (2) the ordinary high water mark (OHWM) at plaintiffs’ premises is 43 feet above mean sea level (msl), (3) the Jonesville lock and dam creates a pool only 34 feet above msl, and has no influence on water levels at Little Hog Glade above 37 feet, (4) since the navigation servitude extends to OHWM on both sides, 43 feet, the Jonesville lock and dam causes no flooding that is compensable. Q.E.D.
Plaintiffs say the navigability of the Tensas River is in issue and must be proved, but they do not expressly deny the fact. Defendant relies on its own official maps showing the river as navigable to a point upstream of the involved land, on official reports calling the stream navigable, and on records. We are inclined to believe this is sufficient, in light of Rule 201 of the Federal Rules of Evidence, allowing us to accept as true what is generally known and capable of accurate verification if notice is given, as defendant did in its brief. If plaintiffs in their opposition had included any evidence the river was nonnavigable, a different case would be presented. As it is, they appear to want to put defendant to needless proof of a fact they do not deny.
As to the position of the OHWM, we believe we can make no finding on summary judgment. Plaintiffs say this is the other fact issue. The parties talk past one another. Defendant relies on the opinion of its botanist, who made his survey in 1978, and he relied on a clear demarcation between hydric (aquatic) and terrestrial (upland) plants in the Glade which he then observed. Plaintiffs rely on affidavits showing how much the flooding has worsened since 1972, and how it has killed or damaged the treés. Defendant points out that it can concede the truth of these affidavits, since any increase of flooding is not compensable so long as it is on a navigable stream and all below OHWM.
Defendant’s entire case, however, depends on the accuracy of its identification of the OHWM. We do not think that so vital a point can be treated as not a triable issue, where the conclusion rests on expert opinion testimony, even if the latter is not directly controverted. On trial, plaintiffs would not have to rebut this evidence with an expert of *837 their own. They could cross-examine the opposing expert and possibly show his opinion was not based on facts. Correspondingly, it does not appear a court can conclude, in such a case as this, that no triable fact issue exists, simply because no rebuttal opinion testimony is offered. Another difficulty is that the expert saw the property in 1978, six years after the lock and dam commenced to operate. It would seem, to the extent the line of plant demarcation establishes the OHWM, it would be that line that existed when the river was in its natural state, a condition that ended in 1972. That the line has moved upwards is strongly suggested by defendant’s own concession that, before its expert’s survey, it had determined that OHWM was at 41.5 feet above msl.
Moreover, the natural condition of the property, before 1972, as plaintiffs’ affidavits describe it, was strikingly similar to the property involved in Goose Creek Hunting Club, Inc. v. United States, 207 Ct. Cl. 323, 518 F. 2d 579 (1975). There was the same suitability for cattle grazing, in the dry season, and the same growths of bitter pecan, willow, and overcup oak trees. The Goose Creek Hunting Club property is in the same part of the world as the property here involved, and was flooded by the same Jonesville lock and dam project. We held that property was not in the bed of any stream whether navigable or other, from which it might follow that Little Hog Glade was not there either.
While the bed of a navigable stream normally extends from side to side of the stream at OHWM, there are peculiarities in the configuration of the Glade that might suggest a different reading there. Specifically, defendant’s detail map shows a peninsula or cape, elevation 50 feet, and all above OHWM as demarked by defendant, that interposes between most of the Glade and the main channel or bed of the Tensas River. Sloughs, creeks, etc., that connect with navigable streams are not thereby made navigable themselves if not themselves used as highways of commerce, and the navigation servitude does not help defendant if it backs water up into them. Goose Creek, supra; Iowa-Wisconsin Bridge Co. v. United States, 114 Ct. Cl. 464, 84 F. Supp. 852 (1949), cert. denied, 339 U.S. 982 (1950). If the property is not in the Tensas stream bed, its *838 elevation relative to OHWM would apparently not be conclusive. The Goose Creek opinion, moreover, suggests several ways of determining the location of OHWM that may, if used here, possibly lead to different results than the plant demarcation method used by defendant’s expert herein.
We make no finding ourselves. We merely hold that there is a triable issue of fact as to whether the Glade is or was in the bed of the navigable Tensas River, and as to the 1972 elevation of OHWM. We strongly suggest that a view by the trier of the locus, even in its present altered state, might be more enlightening than many thousand pages of testimony.
Upon the motion and response, the briefs of the parties, the affidavits, maps, and documents submitted by them, but without oral argument, the defendant’s motion for summary judgment is denied, and the cause is remanded to the trial division for further proceedings.